### EPSTEIN v. CHILDS CO.

(Supreme Court, Appellate Term, First Department. February 10, 1916.)

1. INNKEEPERS ☞10—PERSONAL INJURY—SUFFICIENCY OF EVIDENCE.

Evidence in an action against a restaurant company for its negligence in spilling hot coffee upon plaintiff, injuring her and damaging her apparel, *held* to sustain a judgment for plaintiff.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. §§ 14–16; Dec. Dig. ☞10.]

2. DAMAGES ☞131—EXCESSIVE DAMAGES—PERSONAL INJURY.

A verdict of $125 for injury from the spilling of hot coffee, causing only a slight burn, which healed very quickly, was excessive, and would be reduced to $35.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 357–367, 370; Dec. Dig. ☞131.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Fay Epstein against the Childs Company. From a judgment in favor of the plaintiff, defendant appeals. Reversed, and new trial ordered, unless plaintiff stipulate to reduce the amount of recovery, in which event, judgment modified and affirmed.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

Chester H. Lane, of New York City, for appellant.

Harold S. Fleischer, of New York City, for respondent.

GAVEGAN, J.   The action was for negligence. Defendant is engaged in the restaurant business. On the day of the accident plaintiff entered defendant's restaurant for the purpose of dining. The plaintiff had given her order, and, when the waitress was about to place a cup of coffee before her, plaintiff raised her arm to procure a napkin from a pile arranged above the table where she was seated. At this moment, as explained by plaintiff, the waitress "accidentally" struck plaintiff's arm, causing the hot coffee to be spilled on plaintiff, injuring her, and damaging her wearing apparel.

[1] The trial justice, sitting without a jury, awarded a judgment to plaintiff, and fixed her damages at the sum of $125. From a careful examination of the testimony it was at least doubtful whether the evidence of defendant's negligence was sufficient to sustain the trial judge's findings; but he saw the witnesses and heard their testimony, and we do not feel justified in substituting our finding for his.

[2] However, I am of the opinion that the damages awarded were excessive. No medical testimony regarding plaintiff's injuries was given, and plaintiff's own testimony showed only a slight burn, which healed very quickly.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event, unless the plaintiff will stipulate to reduce the amount of the recovery to the sum of $35 with appropriate costs in the court below, in which event the judgment, as thus modified, will be affirmed, without costs of this appeal. All concur.